Argued and submitted September 24, 1990, affirmed April 24, reconsideration denied June 12, petition for review denied July 23, 1991 (311 Or 643)

James KELLER;
Jeffrey Ball, George Flitcraft, Harold Howard,
Harold Douglas, Paul Jones and Lloyd Wilson,
*Petitioners,*

*v.*

OREGON GOVERNMENT
ETHICS COMMISSION,
*Respondent.*

(CA A63278)

809 P2d 721

Robert E..Franz, Jr., Eugene, argued the cause and filed the brief for petitioners.

Richard D. Wasserman, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Buttler, Presiding Judge, and Rossman and De Muniz, Judges.

BUTTLER, P. J.

**BUTTLER, P. J.**

Petitioners, public officials of the City of Klamath Falls, seek review of the Commission's order on remand from this court, 94 Or App 462, imposing on each of them a $1,132.50 penalty for their spouses' receipt of food, lodging and travel from a New York investment banking firm, Dillon, Read & Co. ORS 244.040(2).[1] The stipulated facts are set out in our original opinion and will not be repeated here. It is sufficient to say that Dillon, Read paid the expenses of petitioners and their spouses and also those of Wendt and Mr. & Mrs. Derrah, who were not public officials, although the two men were associated with the project that gave rise to Dillon, Read's participation.

In our former opinion, we accepted the Commission's conclusion that the term "public official" as used in *former* ORS 244.020(5), now ORS 244.020(9), does not include a public official's spouse and that the statute sufficiently informed persons of the prohibited conduct. That statute provides, in relevant part:

" 'Gift' means something of economic value given to a public official *or member of the official's household* without valuable consideration, including the full or partial forgiveness of indebtedness, *which is not extended to others who are not public officials;* and something of economic value given to a public official or member of the official's household for valuable considerations less than that required from others who are not public officials. However, 'gift' does not mean:

"* * * * * .

"(c)    The giving or receiving of food, lodging and travel when participating in an event which bears a relationship to the *public official's office* and *when appearing in an official capacity,* provided that when such expenses incurred exceed $50, such expenses shall be disclosed yearly on a form prescribed by the commission stating the name, nature and business address of *the organization paying the public official's*

---

[1] ORS 244.040(2) provides, in relevant part:

"No public official * * * or a member of the household of the public official * * * shall solicit or receive, whether directly or indirectly, during any calendar year, any gift or gifts with an aggregate value in excess of $100 from any single source who could reasonably be known to have a legislative or administrative interest in any governmental agency in which the official has * * * any official position or over which the official exercises * * * any authority."

*expenses* and the date and the amount of that expenditure. *The disclosure requirements of this paragraph apply only to public officials required to file a statement* of economic interest under ORS 244.050 * * *." (Emphasis supplied.)

The Commission had also concluded that payment of the spouses' expenses fell within the definition of "gift," because it was "something of value * * * not extended to others who are not public officials," despite Dillon, Read's payment of the same expenses for three persons who were not public officials. Because we concluded that the term "others" in the phrase "others who are not public officials" is an inexact term that does not, in context, communicate a precise meaning, we remanded to the Commission to "identify the legislative policy which inheres in the term 'others' and to demonstrate how its interpretation advances that policy." 94 Or App at 467. On remand the Commission, without further hearing, clarified its reasoning and imposed the same penalty on petitioners. Petitioners now seek review of that order.

Petitioners first assign as error the Commission's conclusion that, as a matter of law, providing food, lodging and travel to a public official's spouse is not excluded from the definition of "gift" by subsection (c). As indicated, we accepted the Commission's conclusion on that question in our former opinion. We will not reconsider it now.

On remand, the Commission first concluded that Wendt and Mr. Derrah were public officials, because they "served as 'agents or otherwise' of the City in providing financial advice and, through their interrelated corporations, venture capital for the City project." Therefore, the expense-paid trip was not "extended to others who are not public officials." On review, the Commission concedes that the stipulated facts provide insufficient evidence to permit a finding that those individuals were "public officials."[2]

In the alternative, the Commission went on to identify the broad policy underlying the government ethics laws. It

---

[2] ORS 244.020(9) (now renumbered ORS 244.020(16)), defined "public official":

"[A]ny person who is serving in a governmental capacity for the State of Oregon or any of its political subdivisions or any other public body of the state as an officer, employee, agent or otherwise, and irrespective of whether the person is compensated for such services."

pointed out that ORS 244.010 declares a public office to be a public trust and stated that the policy against using a public office for personal gain, *see Davidson v. Oregon Government Ethics Comm.,* 300 Or 415, 421, 712 P2d 87 (1985); ORS 244.040(1), "should not be subverted by an offer of the same benefits to a token number of outsiders." It went on to say that the benefits here were offered to two persons who were associated with the project, *because* they were associated with the project. It concluded that "others" means persons not associated in that manner.

We conclude that the Commission's identification of the legislative policy is sufficient and that its interpretation of the term "others" in the phrase "others who were not public officials" is consistent with that legislative policy. Therefore, the Commission did not err in interpreting the law. ORS 183.482(8)(a).

Affirmed.